Johnson, J.
delivered the opinion of the Court.
Both parties have appealed; the defendant to reverse the order sustaining the demurrer, and the plaintiff to set aside the nonsuit. Both motions may well be embraced in one general view.
The prison bounds act expressly authorizes the assignment of a bond, taken according to its provisions, from a defendant in custody under a ca. so. P. L. 457: and the defendant’s plea in bar states, in substance, that the plaintiff, Sreedman, the sheriff, did so assign this bond to Hills, the plaintiff in the execution, and delivered it to him, and that it was never re-assigned, or re-delivered to him ; and these facts are admitted by the demurrer put in on the part of the plaintiff. Laying aside for the present all other considerations, the question arises, whether the bar pleaded was good. 'Like all other contracts, an assignment requires the assent of both the parties; and for the same reason the assent of both are necessary to rescind it. No one can force that upon another, which he will not accept, even by way of gift. Now Steedman never had any beneficial interest, in this bond ; and, by the assignment, he parted with all control over it, and vested it in Hills, the party beneficially interested: and without Steedman’s consent it never could be reinvested in him. He could not maintain an action upon it, for a recovery by him would have been no bar to an action at the suit of the assignee, who had both the legal and equitable interest.
The case of Wood v. McClarin, decided at Columbia, in May Term, 1810, and which is preserved in the MS. of the late Mr. Justice Grimké, went on this principle. That was an action on a negotiable promissory note, by the payee against the maker; but it appeared, that the note had been before indorsed by the plaintiff to one Benson, and although the indorsement had been erased, it was still intelligible, and the Cpurt held that the plaintiff was not intitled to recover. It may, I think, well be questioned, whether the principle was properly applied in that case; for in the absence of other proof, I should think that the possession of the note with the indorsement erased, would of *479 itself authorize the presumption, that it had been returned upon the payee for nonpayment by the maker. The case furnishes, notwithstanding, a recognition of the principle i have before laid down; and there can be no doubt about its application to the present circumstances, as Steedman could not in any event be liable on his indorsement. He was liable only in the event of the insolvency of the sureties, and the erasure of the assignment would not have warranted the assumption of that fact.
Here, as in the case cited, the assignment had been erased, and it is averred in the plea in bar, to have been done by Hills, without the knowledge or consent of Steedman. That being the act of Hills alone, cannot, for the reasons before assigned, operate to re-invest Steedman, against his will, with the right to sue in his own name. Viewing the case in all its possible bearings, I have come to the conclusion, that the bar was good, and that the defendant was iutitled to judgment on the demurrer. For the same reason the nonsuit was properly granted: the plaintiff did not shew a right to recover. ' The plaintiff’s motion is therefore refused.